IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING LLC, | § § § | |
| Plaintiff, | § § | Case No. 3:25-cv-00525-S-BT |
| v. | § § | |
| ELLIOTT SINGARAM LEE, *et al.*, | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lakeview Loan Servicing LLC (Lakeview) brought this civil action against Elliott Singaram Lee, Jessica Christine Lee, Overland Grove Owners Association Inc., and the United States on March 1, 2025. *See* Compl. at 1. (ECF No. 1). For the following reasons, the District Judge should *sua sponte* DISMISS this action for lack of subject matter jurisdiction.

*Background*

Lakeview initiated this lawsuit seeking judicial foreclosure of certain real property owned by Elliott and Jessica Lee in Kaufman County, Texas. Compl. ¶¶ 9–10, 15. In its Complaint, Lakeview alleges subject matter jurisdiction is proper under 28 U.S.C. § 2410 because "Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property." *Id.* ¶ 6. Lakeview also alleges that subject matter jurisdiction lies with

1

this Court under 28 U.S.C. § 1331, "as the matter involves the interpretation and enforcement of federal laws governing [the United States Department of Housing and Urban Development's (HUD)] lien rights." *Id.*

On July 30, 2025, the undersigned issued findings and a recommendation that the District Judge should dismiss Lakeview's lawsuit for failure to prosecute and failure to serve under Federal Rules of Civil Procedure 4(m) and 41(b). *See generally* Findings, Conclusions, and Recommendation (ECF No. 6). Lakeview did not timely file any objections. Instead, about a month later, Lakeview filed its purported proof of service and untimely response followed by a motion to stay. *See* Summonses (ECF No. 7); Pl.'s Resp. to Findings and Recommendations (ECF No. 9); Mot. to Stay (ECF No. 10).[1]

On August 28, 2025, the Court issued an Order and Notice of Deficiency (ECF No. 13) *sua sponte* questioning whether it has subject matter jurisdiction over this matter. The Court held a hearing on September 2, 2025, to address the issue of subject matter jurisdiction. The United States appeared at the hearing on behalf of HUD, and to date, the United States is the only defendant to appear in this case.

---

[1] If the Court *sua sponte* dismisses this lawsuit for lack of subject matter jurisdiction, the earlier-filed Findings, Conclusions, and Recommendation (ECF No. 6) will be moot.

### *Legal Standard*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or (2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332. Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

### *Analysis*

#### *28 U.S.C. § 2410*

Lakeview first asserts that subject matter jurisdiction exists under 28 U.S.C. § 2410. This federal statute provides that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien

3

upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(2).

The Fifth Circuit has unequivocally held that "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). "As a trade off for the waiver of sovereign immunity, [28 U.S.C. § 1444] permits the government to remove to federal district court any such case initiated in state court." *Id.* at 629. Accordingly, "once [28 U.S.C. § 2410(a)] is deemed applicable in a state court action . . . it makes available to the government § 1444, which [the Court has] held creates a substantive right of removal to federal court, regardless of other jurisdictional limitations." *Id.* at 635.

Despite the Fifth Circuit's clear holding, Lakeview relies on *Grable & Sons Meal Prods., Inc. v. Darue Engineering & Mfg.* and its progeny to support its subject matter jurisdiction allegations. This reliance, however, is misplaced.

*Grable* was first filed in state court and removed to federal court. 545 U.S. 308, 311 (2005)). The Supreme Court held that the defendant could remove the quiet title action under 28 U.S.C. § 1441(a) "if [the plaintiff] could have brought it in federal district court originally" under 28 U.S.C. § 1331. *Id.* at 312; *see also Lewis v. Hunt*, 492 F.3d 565, 568, 570–73 (5th Cir. 2007) (analyzing pleading requirements to establish a statutory waiver of sovereign immunity pursuant to 28 U.S.C. § 2410—not subject matter jurisdiction—in an action removed to federal court). "But the Supreme Court did not address whether Section 2410 creates a

4

federal cause of action for cases filed in federal court." *Planet Home Lending, LLC v. Rivera*, 2025 WL 2712503, at *2 (N.D. Tex. Sept. 22, 2025) (Horan, J.).

To the extent Lakeview implies that *Grable* overturns *Hussain*, "even where a Supreme Court case appears to overturn prior Fifth Circuit precedent, district judges are 'bound by the rule' in a published United States Court of Appeals for the Fifth Circuit case unless a later Fifth Circuit panel decides that the Supreme Court's ruling overturns the panel's prior decision. The Fifth Circuit has not published an opinion stating that *Grable* overturns *Hussain*." *Id.* (internal citation omitted).

The remaining cases presented by Lakeview at the September 2 hearing are also inapt. Plaintiff cited to dicta in *Bradford v. U.S. Dep't of Agric., Rural Dev.* for the proposition that 28 U.S.C. § 2410 "grants federal jurisdiction in cases involving land on which the United States has a lien or mortgage." 606 F. App'x 259, 260 (5th Cir 2015) (per curiam). However, *Bradford* explicitly held that Section 2410 was "no basis for jurisdiction" because the United States did not hold a lien or mortgage on the land at issue. *Id.* Therefore, *Bradford* is inapplicable to the present case.

Further, Lakeview misconstrued the application of *Bartolomeo USA, L.L.C. v. United States Dep't of Housing and Urban Dev.* to this case. Lakeview correctly noted that *Bartolomeo* states that "Section 2410 creates a right of action and waives sovereign immunity." *Bartolomeo USA, L.L.C.*, 2021 WL 5458117, at *2 (5th Cir. Nov. 22, 2021) (per curiam). However, Lakeview did not highlight that the plaintiff in *Bartolomeo*—although it affirmatively pleaded a cause of action under

28 U.S.C. § 2410—did not base its jurisdictional allegations on the same. *Id.* at 2; *see also* Pl.'s First Am. Compl. (ECF No. 18) at ¶¶ 5–9 (alleging jurisdiction), 31–36 (asserting claim under Section 2410), *Bartolomeo USA, LLC v. Dep't of Housing and Urban Dev. et al.*, No. 4:19-CV-01020-Y (N.D. Tex. Aug. 21, 2020).

  Despite Lakeview's contention at the September 2 hearing that it pleaded a cause of action under Section 2410, the face of Lakeview's Complaint contains no such cause of action. Rather, within the Complaint's jurisdictional allegations, Lakeview merely states that "Section 2410 expressly waives sovereign immunity in any civil action to foreclose a mortgage or lien where the United States . . . has or claims a lien or other interest in the property." Compl. ¶ 6 (ECF No. 1). Lakeview makes no additional allegations supporting this purported "cause of action." Accordingly, the Court finds that *Bartolomeo* is distinguishable from the instant case because Lakeview's Complaint only pleads a state law breach of contract claim—not a cause of action under 28 U.S.C. § 2410.

  Lakeview's arguments based on *Grable*, *Bradford*, and *Bartolomeo* incorrectly conflate subject matter jurisdiction with the waiver of sovereign immunity and the United States' related ability to remove Section 2410 cases to federal court. Lakeview sets forth no binding authority holding that 28 U.S.C. § 2410 confers an independent basis for federal subject matter jurisdiction. Therefore, Lakeview has not established subject matter jurisdiction pursuant to 28 U.S.C. § 2410. This finding is consistent with other recent determinations by other judges in this district and other district courts in Texas. *See Planet Home Lending,*

*LLC,* 2025 WL 2712503, at *2 (holding that the plaintiff could not establish subject matter jurisdiction under Section 2410); *AmeriHome Mort. Co. LLC v. Valdez,* 2025 WL 2831966, at *2 (N.D. Tex. Sept. 17, 2025) (McKay, J.) (same), *adopted by* 2025 WL 2831180 (Starr, J.); *see also Nationstar Mort. LLC v. Cervantes,* 2025 WL 1178585, at *1 (E.D. Tex. Apr. 16, 2025) (Davis, J.) (same), *adopted by* 2025 WL 1370810 (Mazzant, J.).

*Federal Question Jurisdiction*

Lakeview also contends that subject matter jurisdiction exists pursuant to federal question jurisdiction, *see* 28 U.S.C. § 1331, because this action involves the interpretation and enforcement of federal laws governing HUD's lien rights. Compl. ¶ 6 (ECF No. 1). Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 9 (1983); *see also Royal Canine U.S.A., Inc. v. Wullschleger,* 604 U.S. 22, 26 (2025).

Here, Lakeview alleges a routine state law breach of contract claim in an action seeking foreclosure of real property, which does not arise under the Constitution or any federal statute. Likewise, Lakeview's breach of contract claim does not otherwise turn on the construction of federal law. There is nothing in the Complaint or the attached exhibits that suggest that there is a dispute among the

parties about the existence, amount, or nature of HUD's lien. Additionally, Lakeview did not identify—in the Complaint or at the September 2 hearing—which alleged federal laws are subject to interpretation. Accordingly, Lakeview has failed to allege facts supporting federal subject matter jurisdiction.

### *Diversity Jurisdiction*

Lakeview does not allege that diversity jurisdiction exists in this case. However, even if Lakeview argued that diversity jurisdiction exists, that argument would fail because Lakeview did not sufficiently allege Defendants Elliott and Jessica Lee's citizenship. Compl. ¶¶ 2–3 (alleging the *residencies* of Elliott and Jessica Lee); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("[A]n allegation of residency alone does not satisfy the requirement of an allegation of citizenship.") (cleaned up). Further, Lakeview did not allege the citizenship of Defendant Overland because it did not set out Overland's principal place of business or state of incorporation. Compl. ¶ 4; *MidCap Media Fin., L.L.C.*, 929 F.3d at 314. Therefore, Lakeview's Complaint fails to sufficiently allege diversity jurisdiction.

### *Opportunity to Cure Deficiency*

Notwithstanding a plaintiff's failure to sufficiently plead subject matter jurisdiction, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to

amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Lakeview has not given any indication that it could—or would, if given the opportunity—amend its complaint to establish subject matter jurisdiction. Thus, the Court should not grant Lakeview an opportunity to cure the deficiency. Instead, the fourteen-day objection period (explained below) will allow Lakeview the opportunity to allege additional facts to cure the jurisdictional deficiencies noted above.

### *Recommendation*

Because Lakeview has failed to allege facts supporting federal subject matter jurisdiction, the District Judge should *sua sponte* DISMISS this case without prejudice.

**SO RECOMMENDED**.

October 22, 2025.

                                                  REBECCA RUTHERFORD
                                                  UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).